John A. DESIENO, Jr., Plaintiff–Appellant,

v.

CRANE MANUFACTURING & SERVICE CORP., Telemotive Industrial Controls, Defendants–Cross–Claimant–Defendant–Appellees.

No. 03–7821.

United States Court of Appeals, Second Circuit.

April 13, 2005.

Nicholas E. Tishler, Niskayuna, NY, for Appellant.

James A. Resila, Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C., Alba-ny, NY, for appellee Crane Manufacturing & Service Corp.; Richard E. Lerner, Wilson Elser Moskowitz, Edelman & Dicker LLP, New York, NY, for appellee Telemotive Industrial Controls, for Appellees.

Present: JACOBS, CALABRESI, and POOLER, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment be **AFFIRMED** in part and **REVERSED** in part and that this case be **REMANDED** for further proceedings.

Plaintiff-appellant John A. Desieno, Jr. appeals from a judgment entered on July 3, 2003 by the United States District Court for the Northern District of New York (McAvoy, *J.*), granting appellees' motions for summary judgment on Desieno's state law warranty and product liability claims. Desieno appeals only the grant of summary judgment on his product liability claims. We assume familiarity with the facts, the procedural context, and the issues on appeal.

We review a grant of summary judgment *de novo* and view the evidence in the light most favorable to the non-moving party; we will affirm if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *See Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir.2003).

■ 1. The district court properly granted appellee Crane Manufacturing & Service Corporation's ("Crane") summary judgment motion. Crane satisfied its initial moving burden under *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and in response, Desieno submitted no evidence that Crane actually or constructively designed or manufactured the device that

Desieno alleges caused his injuries. *See D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir.1998) (party opposing summary judgment "may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence").

█ 2. The district court erred in granting appellee Telemotive Industrial Controls's ("Telemotive") summary judgment motion. Telemotive has the burden of persuasion on whether Desieno's lawsuit is untimely under New York's three-year statute of limitations. N.Y. C.P.L.R. 214(5); *Martin v. Edwards Labs.*, 60 N.Y.2d 417, 428, 469 N.Y.S.2d 923, 457 N.E.2d 1150 (1983) (superceded by statute on other grounds).[1] "Summary judgment in favor of the party with the burden of persuasion ... is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553, 119 S.Ct. 1545, 143 L.Ed.2d 731 (1999). The medical documents produced by Telemotive do not *conclusively* show that Desieno experienced RSI symptoms more than three years prior to commencing this action. Therefore, we cannot conclude that, as a matter of law, Desieno's suit is untimely. *See Blanco v. AT & T Co.*, 90 N.Y.2d 757, 774, 666 N.Y.S.2d 536, 689 N.E.2d 506 (1997) (statute of limitations is triggered upon the earlier of the onset of RSI symptoms and the last use of the offending device).[2]

1. Any argument that Telemotive waived the statute of limitations defense by failing to raise it in its answer was itself waived; Desieno first raised the issue at oral argument. *See Tischmann v. ITT/Sheraton Corp.*, 145 F.3d 561, 568 n. 4 (2d Cir.1998) (failure to timely assert argument on appeal constitutes waiver).

2. Because we hold that there is a triable issue of fact as to whether Desieno experienced RSI symptoms, resulting from the use of Telemo-

For the foregoing reasons, the judgment is **AFFIRMED** in part and **REVERSED** in part, and the case is **REMANDED** for further proceedings.

tive's product, more than three years before this suit, we need not decide whether or not, in an RSI case, the statute of limitations begins to run only upon the onset of RSI symptoms *related to* the specific condition at issue (in this case, carpal tunnel syndrome). If it comes to matter based on the facts, the district court will decide this question in the first instance, and the panel in any subsequent appeal can decide the question or certify it to the New York Court of Appeals.